### SHIMER v. AMERICAN OIL CO.
No. 3721.

District Court, M. D. Pennsylvania.

March 13, 1944.

Deane Ramey, of New York City, and William L. Showers, of Lewisburg, Pa., for plaintiff.

Frank M. Walsh, of Scranton, Pa., for defendant.

WATSON, District Judge.

This is a motion filed February 4, 1944, to vacate and set aside nonsuit entered March 30, 1937.

This suit was commenced March 27, 1935. The plaintiff alleged that he sustained injuries in a building owned, occupied, maintained, operated and controlled by defendant. The affidavit of defense by the defendant denied that the building was at the time occupied, maintained, or managed by it, averring that it was in the sole and exclusive control and possession of a tenant under a lease. The nonsuit was properly entered seven years ago. I have carefully examined the record in the case. It clearly shows that, under any view, the plaintiff was guilty of laches, and to allow the motion at this late date would be highly prejudicial to the rights of and would work a grave injustice upon the defendant.

Plaintiff's motion was not only not made within a reasonable time, but it was not made within six months, which is the dead line under 60(b) of the Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c.

The motion to have set aside the nonsuit entered March 30, 1937, is denied.